**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CH PROPERTIES, L.P.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** _____ |
| | § | |
| **ASSURANCE COMPANY OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED

1. Defendant's Notice of Removal

2. List of Counsel

3. State Court Case History

4. Documents on File in State Court:

    a. Plaintiff's Original Petition and Request for Disclosure

    b. Executed Citation on Defendant

    c. Defendant's Original Answer to Plaintiff's Original Petition

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CH PROPERTIES, L.P.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** _____ |
| | § | |
| **ASSURANCE COMPANY OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

**LIST OF COUNSEL**

**COUNSEL FOR PLAINTIFF:**
Mr. Douglas McIntyre
700 N. Post Oak Road, Suite 610
Houston, Texas  77024
713-365-9886 – telephone
713-461-3697 – facsimile

**COUNSEL FOR DEFENDANT:**
Rhonda Thompson – ATTORNEY IN CHARGE
State Bar No. 24029862
Federal Bar No. 32684
rthompson@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street
Twenty-fifth Floor
Dallas, Texas  75201-2825
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

And

George H. Arnold
State Bar No. 00783559
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1600
Houston, Texas  77056
Telephone:  (713)403-8210
Facsimile:   (713) 403-8299
Email: garnold@thompsoncoe.com

**HCDistrictclerk.com**      CH PROPERTIES L P vs. ASSURANCE COMPANY OF          10/12/2010
                             AMERICA
                             Cause: 201056883      CDI: 7      Court: 080

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 9/8/2010 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Active - Civil |
| Case (Cause) Type | INSURANCE POLICY - HURRICANE |
| Next/Last Setting Date | N/A |

### COURT DETAILS

| | |
|---|---|
| Court | 080th |
| Address | 201 CAROLINE (Floor: 9) |
| | HOUSTON, TX 77002 |
| | Phone:7133686100 |
| JudgeName | Larry Weiman |
| Court Type | Civil |

**HCDistrictclerk.com**     CH PROPERTIES L P vs. ASSURANCE COMPANY OF            10/14/2010
                            AMERICA
                            Cause: 201056883      CDI: 7      Court: 080

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 46610787 | Defendants Original Answer To Plaintiffs Original Petition | | 10/11/2010 | 3 |
| 46412236 | Citation (Certified) | | 09/16/2010 | 1 |
| 46289050 | Plaintiffs Original Petition and Request for disclosure | | 09/08/2010 | 13 |

| 2010-56883 / Court: 080 |
|---|

Filed 10 September 8 P2:30
Loren Jackson - District Clerk
Harris County
ED101J015948066
By: Furshilla McGee

Cause No. _____

| CH PROPERTIES, L.P. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| ASSURANCE COMPANY OF | § | _____ JUDICIAL DISTRICT |
| AMERICA | | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CH Properties, L.P., a Texas Limited Partnership, and complains of ASSURANCE COMPANY OF AMERICA, a Zurich Company (hereinafter "Defendant" or "ACOA"). In support of its claims and causes of action, would respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims, and venue is also proper, as all or a substantial part of the events giving rise to this suit occurred in Harris County, Texas.

### PARTIES

3. CH PROPERTIES, L.P. is a Texas Limited Partnership with offices located within Houston, Harris County, Texas. CH PROPERTIES, L.P. owns the commercial property and business, Peppermill Shopping Center, located at 1642-1678 FM 1960 W., Houston, TX 77090.

4. ASSURANCE COMPANY OF AMERICA, a Zurich Company, is a foreign

Certified Document Number: 46289050 - Page 1 of 13

corporation authorized to issue insurance policies in Texas, and has done so in this case. ACOA may be served through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232. **Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested upon Assurance Company of America in this case.**

## NATURE OF THE CASE

5. CH PROPERTIES, L.P.'s commercial property suffered business related damage as a result of Hurricane Ike. In the aftermath, CH PROPERTIES, L.P. relied on its insurer and its agents and adjusters to help begin the rebuilding process. By and through its commercial policy, specifically identified as PPS 03205525, CH PROPERTIES, L.P. was objectively insured for the subject loss by ACOA in this matter.

6. Under its obligations as a policy holder, CH PROPERTIES, L.P. had paid all related commercial premiums in a timely fashion. Moreover, the commercial policy at issue covered CH PROPERTIES, L.P. during the time period within which Hurricane Ike struck Harris County, Texas, as well as the surrounding areas.

7. Defendant improperly adjusted and otherwise mishandled the Plaintiff's claims. CH PROPERTIES, L.P. did not receive the coverage for which they had originally contracted. Unfortunately, this suit has therefore been made necessary to recover damages arising from the above conduct, as well as Defendant's unfair refusal to pay insurance benefits as represented by the commercial policy originally sold to CH PROPERTIES, L.P. through its general partner and agent, Carmichael Development Company, Inc. As indicated below, CH PROPERTIES, L.P. seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

Certified Document Number: 46289050 - Page 2 of 13

## CONDITIONS PRECEDENT

8.  All conditions precedent to recovery by CH PROPERTIES, L.P. have been met or have occurred. Pre-suit notice under the DTPA could not be sent to Defendant more than sixty days before this Original Petition was filed, due to Limitations.

## AGENCY

9.  All acts by Defendant were undertaken and completed by their officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in their normal and routine course and scope of employment of Defendant.

## NEGLIGENCE

10.  CH PROPERTIES, L.P. incorporates all above paragraphs as if fully set forth herein.

11.  Defendant owed a legal duty to Plaintiff, to properly adjust all Hurricane Ike related losses suffered by CH PROPERTIES, L.P. and Defendant breached this duty in a number of ways, including but not limited to the following:

a.  Defendant was to exercise due care in adjusting CH PROPERTIES, L.P.'s commercial property;

b.  Defendant had a duty to competently and completely adjust all damages associated with CH PROPERTIES, L.P.; and/or

c.  Defendant failed to properly complete all adjusting activities associated with the CH PROPERTIES, L.P. losses.

12.  Defendant's acts, omissions, and/or breaches did great damage to CH PROPERTIES, L.P., and were a proximate cause of its damages.

Certified Document Number: 46289050 - Page 3 of 13

## BREACH OF CONTRACT

13.   CH PROPERTIES, L.P. incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

14.   According to the commercial policy that CH PROPERTIES, L.P. purchased, Defendant had the duty to competently investigate CH PROPERTIES, L.P. damages, and to pay CH PROPERTIES, L.P. policy benefits for claims made due to the damage caused by Hurricane Ike.

15.   As a result of Hurricane Ike, CH PROPERTIES, L.P. suffered extreme hurricane-related losses.

16.   Despite evidence of such damages, Defendant have breached their contractual obligations under the subject insurance policy by failing to pay CH PROPERTIES, L.P. benefits relating the cost to properly compensate CH PROPERTIES, L.P. for its related losses. As a result of this breach, CH PROPERTIES, L.P. has suffered actual and consequential damages.

### VIOLATIONS OF
### TEXAS DECEPTIVE TRADE PRACTICES ACT AND
### TIE-IN-STATUTES

17.   CH PROPERTIES, L.P. incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

18.   Defendant's actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b)(12), (14), (20), (24), and Section 17.50(a)(4) of the TEX. Bus. & COMM. CODE. Defendant engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Failing to disclose information concerning goods or services which were known at

Certified Document Number: 46289050 - Page 4 of 13

the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

c.    Using or employing an act or practice in violation of the Texas Insurance Code;

d.    Unreasonably delaying the investigation, adjustment and resolution of CH PROPERTIES, L.P. claim;

e.    Failure to properly investigate CH PROPERTIES, L.P. claims; and/or

f.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying CH PROPERTIES, L.P. hurricane damage claims.

19.  As described in this Petition, Defendant represented to CH PROPERTIES, L.P. that their insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives CH PROPERTIES, L.P. the right to recover under Section 17.46 (b)(5) of the DTPA;

20.  As described in this Petition, Defendant represented to CH PROPERTIES, L.P. that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA;

21.   By representing that Defendant would pay the entire amount needed by CH PROPERTIES, L.P. due to damage caused by a hurricane such as Hurricane Ike, and then not doing so, Defendant have violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

22.  Defendant have breached an express warranty that the damage caused by a hurricane such as Hurricane Ike would be covered under the subject insurance policies. This breach entitles CH PROPERTIES, L.P. to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

Certified Document Number: 46289050 - Page 5 of 13

23.   Defendant's actions, as described herein, are unconscionable in that Defendant took advantage of CH PROPERTIES, L.P.'s lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives CH PROPERTIES, L.P. the right to relief under Section 17.50(a)(3) of the DTPA; and/or

24.   Defendant's conduct, acts, omissions, and failures, as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)( 4) of the DTP A.

25.   CH PROPERTIES, L.P. was a consumer and relied upon these false, misleading, or deceptive acts or practices by Defendant to its detriment. As a direct and proximate result of Defendant's deceptive acts and conduct, CH PROPERTIES, L.P. has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which CH PROPERTIES, L.P. now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of 's and CH PROPERTIES, L.P.'s damages that are described in this Petition.

26.   Because Defendant's actions and conduct were committed knowingly and intentionally, CH PROPERTIES, L.P. is entitled to recover, in addition to all damages described herein, additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, CH PROPERTIES, L.P. is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

27.   As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, CH PROPERTIES, L.P. has been forced to retain the legal services of the undersigned attorney to protect and pursue these claims on their behalf. Accordingly, CH PROPERTIES, L.P.

Certified Document Number: 46289050 - Page 6 of 13

also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which CH PROPERTIES, L.P. may show itself to be justly entitled at law and in equity.

## VIOLATIONS OF TEXAS INSURANCE CODE

28.   CH PROPERTIES, L.P. incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.   Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10)(a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(t) (codified as Section 542.058). Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.   Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.   Compelling s to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.   Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

- 7 -

30.   CH PROPERTIES, L.P. was the insured or beneficiary of a valid claim. Plaintiff relied upon unfair or deceptive acts or practices by Defendant to their detriment. Accordingly, Defendant became the insurers of Plaintiff.

31.   As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

32.   Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

33.   As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff is also seeking to recover its costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the TEX. Bus. & COMM. CODE or Article 21.21 Section 16(b)(1) (codified as Section 541.152) of the TEX. INS. CODE. and any other such damages to which s may show themselves to be justly entitled by law and in equity.

## BREACH OF THE COMMON-LAW DUTY OF

## GOOD FAITH AND FAIR DEALING

34.   Plaintiff incorporates by reference allegations made in the foregoing paragraphs.

Certified Document Number: 46289050 - Page 8 of 13

- 8 -

35. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying CH PROPERTIES, L.P.'s claim or inadequately adjusting and making an offer on CH PROPERTIES, L.P.'s claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

36. Defendant has also breached this duty by unreasonably delaying payment of CH PROPERTIES, L.P.'s entire claim and by failing to settle their claims, as Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of CH PROPERTIES, L.P.'s damages.

## BREACH OF FIDUCIARY DUTY

37. CH PROPERTIES, L.P. incorporates by reference all facts and circumstances in the foregoing paragraphs.

38. Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with CH PROPERTIES, L.P. As a result, Defendant owed a duty of good faith and fair dealing to CH PROPERTIES, L.P. Defendant breached that fiduciary duty in that:

a      The transaction was not fair and equitable to CH PROPERTIES, L.P.;

b.     Defendant did not make reasonable use of the confidence that CH PROPERTIES, L.P. placed in it;

c.     Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward CH PROPERTIES, L.P.;

d.     Defendant did not place the interests of CH PROPERTIES, L.P. before its own, and it used the advantage of its position to gain a benefit for itself at the expense of CH PROPERTIES, L.P.;

- 9 -

e.    Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.    Defendant did not fully and fairly disclose all important information to CH PROPERTIES, L.P. concerning the sale of the policy.

39.  Defendant are liable to CH PROPERTIES, L.P. for damages for breach of fiduciary duty, as such damages were proximately caused by Defendant's conduct.

## UNFAIR INSURANCE PRACTICES

40.  CH PROPERTIES, L.P. incorporates by reference all facts and circumstances in the foregoing paragraphs.

41. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

42.  Such violations include, without limitation, all the conduct described in this Petition plus Defendant's failure to properly investigate Plaintiff's claims. The violations also include Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and their failure to pay for the proper repair of CH PROPERTIES, L.P.'s property, as to which Defendant's liability had become reasonably clear.

43.  They also include Defendant's hiring of and reliance upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying CH PROPERTIES, L.P.'s hurricane claim. They further include Defendant's failure to look for coverage and give CH PROPERTIES, L.P. the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant are also guilty of the following unfair insurance practices:

a.    Engaging in false, misleading, and deceptive acts or practices in the business of

Certified Document Number: 46289050 - Page 10 of 13

insurance in this case;

b.      Engaging in unfair claims settlement practices;

c.      Misrepresenting to CH PROPERTIES, L.P. pertinent facts or policy provisions relating to the coverage at issue;

d.      Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of CH PROPERTIES, L.P. claim as to which Defendant's liability had become reasonably clear;

e.      Failing to affirm or deny coverage of CH PROPERTIES, L.P.'s claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to CH PROPERTIES, L.P.;

f.      Refusing to pay CH PROPERTIES, L.P.'s claims without conducting a reasonable investigation with respect to the claim; and/or

g.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

44. Defendant have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in CH PROPERTIES, L.P.'s damages that are described in this Petition.

## DAMAGES

45.  Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court.

## ADDITIONAL DAMAGES & PENALTIES

46.   Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant are liable for additional damages under the DTPA, section 17.50(b) (l), as well as all operative provisions of the Texas Insurance Code. Plaintiff is thus clearly entitled to the 18% damages allowed by the Texas Insurance Code.

- 11 -

## ATTORNEYS' FEES

47.  In addition, Plaintiff is entitled to all reasonable and necessary attorney fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## REQUEST FOR DISCLOSURE

48.  Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (1), and to do so within 50 days of this request.

## PRAYER

49.  CH PROPERTIES, L.P. prays that Judgment be entered against Defendant, that Plaintiff be awarded all of its actual damages, consequential damages, pre-judgment interest, additional statutory damages, post-judgment interest, penalty damages, reasonable and necessary attorney's fees, court costs and other relief, general or specific, in law or in equity, to which Plaintiff may show itself entitled.

WHEREFORE, PREMISES CONSIDERED, CH PROPERTIES, L.P. prays it be awarded all such relief to which they are entitled as a result of the acts of Defendant, ASSURANCE COMPANY OF AMERICA and for all such other relief to which CH PROPERTIES, L.P. may be justly entitled and for general relief.

Certified Document Number: 46289050 - Page 12 of 13

Respectfully submitted,

_____

Douglas McIntyre
State Bar No. 13681800
720 North Post Oak Rd., Suite 610
Houston, Texas 77024
(713) 365-9886
(713)461-3697 Fax
ATTORNEY FOR PLAINTIFF:
CH PROPERTIES, L.P.

Certified Document Number: 46289050 - Page 13 of 13



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this October 12, 2010

Certified Document Number:   46289050 Total Pages:  13

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7003·2260-0007-0192·4469

CAUSE NO. 201056883

RECEIPT  NO. 407876        65.00        CTM
                  09-08-2010              TR # 72578659

PLAINTIFF: CH PROPERTIES L P                         In The  80th
          vs.                                        Judicial District Court
DEFENDANT: ASSURANCE COMPANY OF AMERICA              of Harris County, Texas
                                                     80TH DISTRICT COURT
                                                     Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

**FILED**
Loren Jackson
District Clerk

TO: ASSURANCE COMPANY OF AMERICA BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY                      SEP 1 6 2010
    701 BRAZOS STREET SUITE 1050  AUSTIN TX 787013232
                                                     Time: _____
                                                          Harris County, Texas
                                                     By _____
                                                          Deputy

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 8th day of September, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 13th day of September, 2010, under my hand and
seal of said Court.

Issued at request of:                      LOREN JACKSON, District Clerk
MCINTYRE, DOUGLAS                          Harris County, Texas
720 N POST OAK RD#610                      201 Caroline       Houston, Texas 77002
HOUSTON, TX 77024                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 365-9886
Bar No.: 13681800                          GENERATED BY: JOHNSON, SUDORA   4XL/U1K/8805225

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____       _____
                                       ADDRESS

                                       Service was executed in accordance with Rule 106(a)
_____       (2) TRCP, upon the Defendant as evidenced by the
ADDRESSEE                              return receipt incorporated herein and attached
                                       hereto at _____
                                       _____
                                       on _____ day of _____, _____
                                       by U.S. Postal delivery to _____

                                       This citation was not executed for the following
                                       reason: _____
                                       _____

                                       LOREN JACKSON, District Clerk
                                       HARRIS COUNTY, T E X A S

                                       By _____, Deputy

N.INT.CITM.P

Certified Document Number: 46412236 - Page 1 of 1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this October 12, 2010

Certified Document Number:      46412236 Total Pages: 1

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 10 October 11 P12:48
Loren Jackson - District Clerk
Harris County
ED101J016001626
By: adiliani a. solis

### CAUSE NO 2010-56883

| | | |
|---|---|---|
| CH PROPERTIES, L.P., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ASSURANCE COMPANY OF AMERICA | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | 80TH JUDICIAL DISTRICT |
| | § | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Assurance Company of America ("Assurance") and file this, its Original Answer to Plaintiff's Original Petition, and would respectfully show:

### I.
### ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2.1     Defendant affirmatively contends that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or by the doctrines of waiver, estoppel, and/or laches.

2.2     Defendant affirmatively contends that Plaintiff has failed to perform all conditions precedent to recovery for its alleged breach of contract claim.

Certified Document Number: 46610787 - Page 1 of 3

## III.
## PRAYER

3.1     WHEREFORE, Defendant respectfully prays that Plaintiff take nothing by ITS suit herein and for all other relief to which Defendant is justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:     /s/ Rhonda J. Thompson
        Rhonda J. Thompson
        State Bar No. 24029862
        700 North Pearl Street, 25th Floor
        Dallas, Texas 75201-2832
        (214) 871-8200 – Telephone
        (214) 871-8209 – Facsimile
        rthompson@thompsoncoe.com

        and

        George H. Arnold
        State Bar No.: 00783559
        One Riverway, Suite 1600
        Houston, Texas 77056
        (713) 403-8210 – Telephone
        (713) 403-8299 – Facsimile
        garnold@thompsoncoe.com

        Attorneys for Defendant
        ASSURANCE COMPANY OF AMERICA NY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 11th day of October, 2010, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by fax and certified mail, return receipt requested:

Mr. Douglas McIntyre
700 North Post Oak Road
Suite 610
Houston, Texas 77024
Telephone: 713-365-9886
Facsimile:  713-461-3697
Attorney for Plaintiff

/s/ Rhonda J. Thompson
Rhonda J. Thompson

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

**PAGE 3**

1555827 V.1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this October 12, 2010

Certified Document Number:  46610787 Total Pages: 3

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**